**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000393
29-DEC-2025
08:02 AM
Dkt. 40 SO**

NO. CAAP-25-0000393


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GIBRAN K. COPELAND, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-24-0001172)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Gibran K. **Copeland** appeals from the Circuit Court of the First Circuit's **Order** denying his motion for supervised release or to set bail.[1] We have jurisdiction under the collateral order exception.[2] The law imposed a rebuttable presumption that there was a serious risk Copeland would flee or not appear as directed if he was released on bail. The issue presented is whether the trial court abused its discretion by finding that Copeland did not rebut the presumption. We conclude the trial court acted within its discretion. We affirm the Order.

---

[1] The Honorable Catherine H. Remigio presided.

[2] See State v. Johnson, 96 Hawai'i 462, 470 n.12, 32 P.3d 106, 114 n.12 (App. 2001) (noting the collateral order exception applies in criminal cases to denials of pretrial motions to reduce bail).

A grand jury indicted Copeland for Murder in the Second Degree and Carrying or Use of Firearm in the Commission of a Separate Felony.  The grand jury bench warrant ordered him held without bail.  He pleaded not guilty.  He moved for supervised release or to set bail.  The Order denying his motion was entered on April 25, 2025.  This appeal followed.

Bail may be denied if the defendant is charged with murder in the second degree and there is a serious risk they will flee.  Hawaii Revised Statutes (**HRS**) § 804-3(b) (2014).  If convicted, Copeland was possibly subject to imprisonment for life without the possibility of parole.[3]  Under those circumstances:

> a rebuttable presumption arises that there is a serious risk that the person will flee or will not appear as directed by the court[.]

HRS § 804-3(c) (2014).

"The decision whether to grant a motion for release on bail requires a judgment call by the trial court; and decisions requiring a judgment call on the part of the trial court[] are reviewed for an abuse of discretion."  State v. Carter, 154 Hawai‘i 96, 101, 546 P.3d 1210, 1215 (App. 2024) (cleaned up).  "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant."  Id.

Copeland's motion suggested he "can live with his parents while awaiting trial."  The motion was heard on February 25, 2025.  Copeland, his mother **Naomi** Copeland, and Honolulu Police Department detective Brent **Sylvester** testified.

Naomi is a 71-year old retiree.  She "had passed out someplace" and "was undergoing a lot of tests" on her brain and

---

[3]     Murder in the Second Degree is a felony for which the defendant is sentenced under HRS § 706-656 (2014).  HRS § 707-701.5(2) (2014).  Under HRS § 706-656(2) (2014), persons convicted of second degree murder shall be sentenced to life imprisonment with the possibility of parole except as provided in HRS § 706-657.  HRS § 706-657 (2014) provides for an enhanced sentence of life imprisonment without the possibility of parole under certain circumstances.

heart.  Sometimes, she hasn't felt well and had to sit down to avoid passing out.

Naomi and her husband live in a rented one-bedroom apartment.  Her husband is 78 years old.  He "travels a lot" and is "gone, like, about six months out of the year."

Naomi testified Copeland could live with her and "He can sleep on the living room."  But she had not gotten her landlord's permission for Copeland to live in the apartment.

When asked if she could help enforcing conditions of Copeland's bail, Naomi stated "I mean, physically, it is up to [Copeland].  I couldn't stop him if he wanted to [leave the apartment].  But it's his own actions, and he would have to suffer the consequences if he didn't follow it.  I would tell him and report him if I had to."

Detective Sylvester investigated Copeland's criminal record.  Copeland had seventeen criminal contempt of court arrests.

Copeland testified he served in the Army and had a "100 percent service connected VA disability."  He was discharged for "schizoaffective disorder."  He hears voices, and sees "things that others don't see."  He was told to take medication, but "decided that a balanced lifestyle is a better solution."  He hasn't taken his medication for 10 years.  When asked about his contempt-of-court arrests, Copeland stated "I used to get a lot of traffic tickets.  So for some reason I didn't believe in buying car insurance, and so I accumulated a bunch of no car insurance tickets."  Copeland said, "if I was written a ticket on the court date, yeah, I guess I was ignoring them, and I didn't take note of there being a court date on the ticket if there was one."

When it announced its ruling, the trial court correctly acknowledged that the HRS § 804-3(c) rebuttable presumption applied.  The court explained:

> Now, the Defense has provided witnesses to try to
> rebut that presumption.  The first witness, Ms. Copeland,

the Court agrees with the State, is not an appropriate sponsor given her age, given her frailty, given the fact that she has no real knowledge or connection to this defendant, who is her son, herself has said that she believes that her son is houseless by choice, prefers living on the streets, even though he has money, agrees he has several storage units, that he once tried to store things at her house, and she put that to an end. She believes that he uses drugs. She apparently forgot that she knew who this Christina person was and remembered later on.

And also her husband is not there, not enough for him to be of any help. The landlord is not a person that is going to assist because he hasn't even been told and may not agree to Mr. Copeland living there with her. And we usually require landlord permission and knowledge before that occurs.

But aside from her as a possible sponsor, in which case we are left with no sponsor, and Hawaii [Intake Service Center] is not an appropriate sponsor, the things that Ms. Copeland testified to indicates to the Court supportive testimony to what the defendant himself has confirmed by his testimony, he lived in an abandoned property, so he consider[s] himself houseless. That he was instructed by professionals to take medications, but he decided on his own that a balanced lifestyle is a better solution. He knew he had all of these tickets, but he was ignoring them. And so he didn't go to court. This is indicative to the Court of a person who is used to doing what he wants to do, not necessarily what the law or what professionals tell him to do. He has lived outside of the boundaries of society, which is in itself not a crime. But I am identifying whether or not he is going to follow court rules. And I believe based on his testimony, based on his mother's testimony, that he will not do so, certainly not when there is inappropriate supervision.

But going back to the part that the Court is making is, does [sic] the Defense rebutted the presumption that he will flee, whether it's a serious risk of flight based on the fact that the offense is punishable by the possibility of life without parole. And the Court answers, no, the defense has not rebutted that presumption.

The record contains substantial evidence of "a serious risk that [Copeland] will flee or will not appear as directed by the court" if he was released from custody. HRS § 804-3(c). The trial court acted within its discretion by denying Copeland's motion for supervised release or to set bail.

We need not address Copeland's contention that the trial court erred by concluding he poses a danger to any person or the community, because the HRS § 804-3(b)(1)-(4) factors are alternative, not cumulative.

4

The April 25, 2025 *Order Denying Defendant's Motion for Supervised Release to Oahu Intake Service Center and/or Set Bail* is affirmed.

DATED: Honolulu, Hawaiʻi, December 29, 2025.

On the briefs:

Harrison L. Kiehm,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge